UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARETHA MCLAURIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 8441 |
| v. | ) | |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendant. | ) | |

### ORDER

For the following reasons, *pro se* plaintiff Aretha McLaurin's ("Plaintiff's") amended complaint, R. 10, is dismissed in part with prejudice, and Plaintiff's motion for attorney representation, R. 9, is denied. The rest of her case may proceed, provided that Plaintiff pays the filing fee by February 20, 2020. Failure to timely pay the filing fee will result in dismissal of this action with prejudice.

### STATEMENT

After the Court dismissed her original complaint *sua sponte* for failure to state a claim, Plaintiff filed an amended complaint for alleged employment discrimination against her employer the Chicago Transit Authority, again under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981, and alleging that she was discriminated against based on her age, color, race and sex and was retaliated against for attempting to assert her rights. R. 10.

Plaintiff's amended complaint is more fulsome than the original, and includes the four charges of discrimination and accompanying right-to-sue letters she alleged to have received from the United States Equal Employment Opportunity Commission in Fall 2019. But the Court notes that one such right-to-sue letter is dated as having been sent on September 23, 2019 (such letter, the "Initial Right-to-Sue Letter"), R. 10 at 17, and that Plaintiff filed her lawsuit 94 days later on December 26, 2019, R. 1. A plaintiff has 90 days from the date she receives a right-to-sue letter from the EEOC to file her lawsuit. "[U]nless proven otherwise, the receipt date is presumed to be five days from the mailing date." *Lloyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989). Therefore, ordinarily, the Court would presume that Plaintiff received the Initial Right-to-Sue Letter on September 28, 2019, thus making her lawsuit filed 89 days later on December 26, 2019 timely. But here, Plaintiff has pled herself out of court by

1

indicating that she received the Initial Right-to-Sue letter on September 26, 2019—91 days before she filed this action. *See* R. 10 at 3. The time for filing a lawsuit "is not flexible, even for *pro se* litigants, and a one-day delay is fatal." *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000). Accordingly, Plaintiff's complaint is dismissed as untimely to the extent it arises from the allegations of retaliation contained in the discrimination charge that in turn led to the Initial Right-to-Sue Letter.

Plaintiff also seeks appointment of counsel. R. 9. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his or her own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other Court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the Court concludes that the solicitation of counsel is not warranted in this case. First, aside from contacting the EEOC and IDHR, Plaintiff has not indicated that she contacted any law firms and/or that they will not take her case, or that she cannot afford their fees. Further, Plaintiff has alleged no physical or mental disability that might preclude her from adequately investigating the facts giving rise to this lawsuit. This employment discrimination case is not so complicated that Plaintiff is unable to pursue it without counsel at time. It should additionally be noted that the Court grants *pro se* litigants wide latitude to handle their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: January 30, 2020