UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARETHA MCLAURIN, | |
| Plaintiff, | No. 19 C 8441 |
| v. | Judge Thomas M. Durkin |
| CHICAGO TRANSIT AUTHORITY, CARMELLA BROWN, CHARLES WALKER, JOSHUA RAMIREZ, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Aretha McLaurin alleges she was discriminated against by her employer, Chicago Transit Authority ("CTA"). Before the Court is CTA's motion to dismiss McLaurin's second amended complaint. The motion to dismiss, R. 55, is granted in part and denied in part.

**Background**

McLaurin is a Black woman over 40 years of age. She has been employed by CTA since 1990 and is currently a Car Repairer Control Inspector. R. 51 at 2. McLaurin alleges that throughout the entirety of her employment, the culture at CTA has been demeaning towards women, and that non-Black employees under age 40 are treated more favorably than their Black peers over 40.

McLaurin alleges defendants Charles Walker and Joshua Ramirez sabotaged her work, filed a false police report against her, disciplined her without justification, and wrongfully suspended her. R. 51 at 3. She further alleges she denied sexual

advances from defendant Walker and as a result was forced to report directly to him and request various working materials from him in writing when others were not required to do so. *Id*. at 9.

She also alleges she applied for two managerial positions—Senior Manager of Bus Supervision and Manager of Rail Maintenance—and was denied the positions due to her "race, color, age, gender, sex, sexual orientation, reverse sexual orientation, and [her] participation in protected activities." *Id*. at 5. McLaurin learned she was not chosen for the promotions in March and April 2015.

Beginning in March 2015, McLaurin filed numerous charges of discrimination against CTA with both the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). She filed a charge on March 12, 2015, alleging gender discrimination; on May 13, 2015, alleging retaliation; and on March 25, 2016, alleging race, age, gender, and sexual orientation discrimination, as well as retaliation. These charges were dismissed by IDHR on December 16, 2018 for lack of substantial evidence.

McLaurin filed a charge on April 25, 2017, alleging CTA retaliated against her for filing the above charges. The EEOC served McLaurin with a Dismissal and Notice of Rights on September 23, 2019. She filed a *pro se* complaint on December 26, 2019, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (claim 1); "color" discrimination in violation of Title VII of the Civil Rights Act of 1964 (claim 2), 42 U.S.C. § 1981 (claim 3), and 42 U.S.C. § 1983 (claim 4); race discrimination in violation of Title VII (claim 5), § 1981 (claim 6), and § 1983 (claim

7); sex discrimination in violation of Title VII (claim 8); failure to promote (claim 9); failure to stop harassment (claim 10); and retaliation (claim 11).

She filed her first amended complaint on January 24, 2020, alleging essentially the same claims. R. 10. CTA filed a motion to dismiss the first amended complaint, and before the Court ruled on the motion to dismiss, on March 12, 2021, McLaurin filed her second amended complaint, which adds three individual defendants and three new state law claims—discrimination in violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS/5/1-101 *et. seq*; intentional infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED") (claims 12, 13, and 14, respectively).[1] The Court and parties agreed during a March 19, 2021 telephone hearing that both documents filed by McLaurin on March 12, 2021, R. 50 and R. 51, would be considered one unified second amended complaint. R. 53. CTA filed the instant motion to dismiss on April 19, 2021. R. 55.

## Legal Standard

A Rule 12(b)(6) motion challenges "the sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] CTA contends McLaurin separately and improperly alleges a violation of 42 U.S.C. § 2000(e), which is a definitions section. It seems clear to the Court that, given that § 2000(e), *et. seq*, is the codification of Title VII, McLaurin was referring to her Title VII claims and simply did not include the "*et seq*" in her citation. A slightly incomplete citation by a *pro se* plaintiff is not a basis for dismissal.

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Analysis**

CTA argues McLaurin has failed to state a claim for discrimination on the basis of age, race, color, or sex; as well as for harassment, failure to promote, and retaliation. CTA further argues McLaurin has failed to allege municipal liability as is required for a claim under § 1983, and that her discrimination claims under the IHRA are unspecified and not addressed in her Response. Finally, CTA argues McLaurin's state law claims for IIED and NIED are untimely. The Court addresses each argument in turn.

4

I. **Age Discrimination under the ADEA (Claim 1)**

The ADEA makes it unlawful "to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

At this stage, McLaurin need only allege the type of discrimination, when it occurred, and by whom. *See Kaminski v. Elite Staffing, Inc.*, 2022 WL 168260, *2 (7th Cir. Jan. 19, 2022) (explaining that a plaintiff is not required to plead a prima facie case of employment discrimination at the pleading stage); *Stumm v. Wilkie*, 796 Fed. Appx. 292, 295 (applying the standard to age discrimination cases). And "no matter the type of case," a plaintiff is not required to plead legal theories, let alone to plead facts that correspond to "elements" of any particular claim. *Stumm*, 796 Fed. Appx. at 295 (citing *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2018)). *See also Samovsky v. Nordstrom, Inc.*, 619 Fed. Appx. 547, 548 (7th Cir. 2015) ("'I was turned down for a job because of my race' is all a complaint has to say.").

McLaurin alleges employees of younger ages were treated more favorably, not disciplined for the conduct McLaurin was disciplined for, and given promotions. CTA argues she needs to allege more details to make it plausible that the alleged conduct was connected to her protected characteristics. But she has alleged as much, and the plausibility standard of Rule 8 "is not akin to a probability requirement." *Iqbal*, 556 U.S. at 678. "Litigants are entitled to discovery before being put to their proof, [because] treating the allegations of the complaint as a statement of the party's proof

leads to windy complaints and defeats the function of Rule 8." *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 Fed. Appx. 826, 828-29 (7th Cir. 2017) (citing *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th. Cir. 1998)). At this stage, McLaurin has sufficiently pled a claim of age discrimination.

## II. Race, Color, and Sex Discrimination under Title VII and Section 1981 (Claims 2-3; 5-6; 8)

McLaurin is a Black woman who alleges she was harassed and denied promotions based on her race, color, and sex, and that employees with different skin tones, ethnicities, and genders were treated more favorably. These are all the facts she needs to state claims of race and sex discrimination.[2] She will eventually need to show the defendants acted with discriminatory intent, but the Seventh Circuit has repeatedly explained such a showing is not required at the pleading stage. *Kaminski*, 2022 WL 168260 at *2. *See also Geinosky v. City of Chicago*, 675 F.3d 743, 748 n.3 (7th Cir. 2012) ("Even in a case where a plaintiff would need to identify a similarly situated person to prove his case … we see no basis for requiring the plaintiff to identify the person *in the complaint*.") (emphasis in original).

## III. Adverse Employment Actions

To prevail on a discrimination claim in the employment context, a plaintiff must also allege her employer subjected her to adverse actions. *Shott v. Katz*, 829 F.3d 494, 497 (7th Cir. 2016). An employee must show "some quantitative or qualitative change in the terms or conditions of [her] employment or some sort of real

---

[2] McLaurin meets the contractual relationship requirement under § 1981, as she was employed by CTA at all relevant times in this matter. *Domino's Pizza Inc. v. McDonald*, 546 U.S. 470, 475 (2006).

harm." *Chaib v. Indiana*, 744 F.3d 974, 982 (7th Cir. 2014). In her complaint, McLaurin alleges failure to promote and failure to stop harassment. These can both be considered adverse employment actions for purposes of a discrimination or retaliation claim, and the Court considers them as such.³

### A. Failure to Promote (Claim 9)

Defendants argue McLaurin failed to sufficiently allege failure to promote because the complaint states only that CTA failed to promote her and nothing else. R. 54 at 5. But McLaurin's complaint contains more detail than that. McLaurin alleges she applied for two managerial positions: a senior manager of bus supervision in March 2016, and a manager of rail maintenance in April 2016. R. 51 at 6. She alleges she was sent a letter confirming receipt of the applications. *Id*. She lists the salary and job posting number for each position. *Id*. She finally alleges she was denied the promotions based on her race, color, age, and sex, and that others of different races, colors, sexes, and ages were promoted. *Id*. CTA does not address these allegations, which go directly to McLaurin's claim. The motion to dismiss is denied with respect to the failure to promote claim.

### B. Harassment (Claim 10)

To state a claim for a hostile work environment, a Title VII plaintiff must show: "(1) [s]he was the subject of unwelcome harassment; (2) the harassment was based on [her protected status]; (3) the harassment was severe and pervasive so as to alter

---

³ *See Hill v. Potter*, 625 F.3d 998 (7th Cir. 2010) (failure to promote can constitute an adverse employment action); *Stutler*, 263 F.3d at 704 (explaining harassment, when severe, can constitute an adverse employment action).

7

the conditions of the employee's environment and create a hostile or abusive working environment; and (4) there is a basis for employer liability." *Mason v. S. Ill. Univ. at Carbondale*, 233 F.3d 1036, 1043 (7th Cir. 2000). To determine whether the harassment was severe and pervasive, courts consider whether "the conduct is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with an employee's work performance." *Cole v. Board of Trustees of N. Ill. Univ.*, 838 F.3d 888, 897 (7th Cir. 2016).

McLaurin alleges she was harassed when she was sexually propositioned by Walker, had a false police report filed against her, and was forced to report directly to defendant Walker because she rejected his sexual advances. R. 54 at 9. She alleges these actions occurred because of her race, age, and sex, and because she complained about the discrimination she was facing at work. *Id.* Although further development of the case may reveal that "some or all of the alleged harassment was unrelated to her [protected status], … it is too soon for us to draw that conclusion." *Venezia v. Gottlieb Memorial Hosp., Inc.*, 421 F.3d 468, 473 (7th Cir. 2005). She has sufficiently pled a harassment claim, and the motion to dismiss is denied in that respect.

## IV. Retaliation (Claim 11)

To plead a claim of retaliation under Title VII or the ADEA, a plaintiff must allege that she engaged in a statutorily protected activity and was subjected to an adverse employment action as a result." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015) (Title VII); *Clark*, 709 Fed. Appx. at 829 (ADEA). To survive a motion to dismiss, "[a]n employee need not present proof

8

of a causal link between the protected expression in which the plaintiff engaged … and the adverse employment action of which [s]he is complaining." *Id.* (citing *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 897 (7th Cir.2003) (internal quotations omitted)).[4]

CTA initially argues McLaurin fails to allege a protected activity, but later concedes that she has. R. 54 at 10-11 ("While Plaintiff's SAC generally alleges a protected activity…"). McLaurin filed various complaints with against CTA alleging discrimination and other poor treatment. She provides the dates and topic of each grievance she filed. R. 51 at 4. She alleges that she was denied the two promotions and subjected to falsified disciplinary actions because she filed charges with the EEOC and IDHR. *Id.* at 8-9. Further supporting McLaurin's retaliation claim are her allegations that defendant Walker warned coworkers not to speak with McLaurin after she filed charges and that her coworkers told her she needed to "keep her mouth shut." *Id.* at 9-10. She has sufficiently alleged that she suffered adverse employment actions in retaliation for her complaints both with CTA itself and with the EEOC and IDHR. The motion to dismiss her retaliation claim is denied.

---

[4] CTA relies on *Spratt v. Bellwood Pub. Library*, 380 F. Supp. 3d 783 (N.D. Ill. 2019) to support its argument that McLaurin must establish a causal connection to survive on her retaliation claim. *Spratt* held as much, but cited *Lauth v. Covance, Inc.*, 863 F.3d 798 (7th Cir. 2017) as its authority to do so. *Lauth* was decided at the summary judgment stage. At the pleadings stage, a plaintiff is not required to establish a causal link. *Huri*, 804 F.3d at 833.

9

## V.  Municipal Liability Under Section 1983 (Claims 4, 7)

Municipal entities can be sued under 42 U.S.C. § 1983 only when their policies, customs, or practices caused a constitutional deprivation. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978). To state a claim for municipal liability, a plaintiff must allege either (1) an express municipal policy that, when enforced, deprived a plaintiff of a constitutional right; (2) a widespread municipal practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) that a plaintiff's alleged constitutional injury was caused by a person with final policymaking authority. *Id.* at 694. A plaintiff must plead factual content sufficient to support a reasonable inference that the entity maintained a policy, custom, or practice that caused a constitutional violation.

McLaurin alleges CTA handbooks and trainings on ethics in the workplace are often ignored, and that upper management tells employees to "sign [indicating they have read the ethics training] and read the pamphlets later." R. 51 at 11. She alleges those with decision-making authority knew of the treatment she was facing and either ignored it or participated in it. These are all the facts she alleges in support of municipal liability. McLaurin's allegations do not rise to the level of a "specific pattern or series of incidents that support the general allegation of a custom of policy." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986). Because she has not sufficiently alleged that a policy or custom was "the moving force" (or even a factor) behind a constitutional violation, the § 1983 claims are dismissed. *See Estate*

10

*of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). *See also Jibson v. NE. Illinois Reg'l Commuter R.R. Corp.*, 2019 WL 2297458, at *3 (N.D. Ill. May 29, 2019) (dismissing § 1983 claims because plaintiff did not plausibly allege that defendant had a policy of discrimination against her protected class).

## VI. Discrimination under the Illinois Human Rights Act (Claim 12)

CTA argues McLaurin's claims under the IHRA should be dismissed because she fails to specify which portions of the Act were violated and the Response fails to address the IHRA.[5] But McLaurin's complaint cites 775 ILCS 5/1-101, and nothing more is needed, particularly from a pro se plaintiff.[6]

Other than that, CTA makes no other argument for dismissal (until its Reply, in which it directs the Court to its arguments regarding McLaurin's discrimination claims under the relevant federal statutes). It is true that McLaurin did not respond to CTA's one substantive sentence requesting dismissal of her IHRA claim, but there was essentially nothing to respond to.

"Illinois courts apply the federal Title VII framework to claims of discrimination made under the [IHRA]." *Grimes v. Cook Cty.*, 455 F. Supp. 3d 630, 644 (N.D. Ill. 2020) (citing *Reed v. Freedom Mortgage Corp.*, 869 F.3d 543, 547 (7th

---

[5] The Court has supplemental jurisdiction over the IHRA claims because they arise out of the same case or controversy as the Title VII claims. 28 U.S.C. § 1367(a).
[6] Importantly, a *pro se* plaintiff is not required to plead a legal theory, nor is she held to an incorrect theory she did name. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Instead, the Court asks "whether any set of facts consistent with the complaint would give [her] a right to recover, no matter what the legal theory." *Id.* Because Plaintiff alleges in her complaint that she was discriminated on the basis of race, color, sex, and age, the Court treats her IHRA claims as having specified those sections of the Act, and CTA clearly was on notice of such claims.

11

Cir. 2017)). McLaurin's claims under the IHRA for discrimination, insofar as they mirror her claims under Title VII and § 1981, are not dismissed, for the reasons explained in the respective sections.

### VII. Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress (Claims 13, 14)

Regarding McLaurin's IIED and NIED claims, 735 ILCS 5/13-202 provides both claims must be brought "within 2 years from the accrual of the claim." *See also Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). CTA argues McLaurin's claims are outside the statute of limitations and should be dismissed. R. 54 at 12.

The primary focus of McLaurin's IIED and NIED claims is September 2, 2015, when she alleges the CTA, as well as defendants Ramirez, Brown, and Walker, filed a police report falsely accusing her of assault. R. 57 at 12-13. She also alleges she was manipulated and humiliated on July 8, 2016, when she was forced to report directly to defendant Walker for her supplies each day after rejecting his sexual advances. R. 51 at 9. She alleges numerous false disciplinary charges against her extending into 2016. She filed her first complaint in this Court on December 26, 2019, well after the statute of limitations had run, and importantly, McLaurin did not add her IIED or NIED claims against the defendants until March 12, 2021, when she filed her second amended complaint. She is therefore outside the statute of limitations for filing. The motion to dismiss her IIED and NIED claims as untimely is granted.

### VIII. Motion to Strike Request for Punitive Damages

Finally, CTA requests that the Court strike McLaurin's prayer for punitive damages. R. 54 at 14-15. CTA is correct that "[a]s a general rule, local public entities

12

are immune from punitive damage awards in civil rights actions." *Albanese v. Wasilenko*, 2014 WL 4507623, at *2 (N.D. Ill. Sept. 10, 2014) (quoting *Kolar v. Cty. Of Sangamon*, 765 F.2d 564, 567 (7th Cir. 1985)). The Seventh Circuit has affirmed this general policy in Title VII cases. *See, e.g., Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012) (citing 42 U.S.C. § 1981(a)(b)(1)). Therefore, the Court strikes Plaintiff's prayer for punitive damages.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss, R. 55, is granted in part and denied in part. The claims brought under 42 U.S.C. § 1983 (Claims 4 and 7) are dismissed, along with Claims 13 (IIED) and 14 (NIED). The motion to strike McLaurin's request for punitive damages is granted. The motion is otherwise denied.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: February 10, 2022

13